# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY JOSEPH CASTILLO, Petitioner, v. M. S. EVANS, Respondent. | 1:06-cv-00281-OWW-TAG HC<br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION (Doc. 14)<br>ORDER TO FILE OBJECTIONS WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 18, 2008, Respondent filed the instant motion to dismiss the petition for writ of habeas corpus on the grounds that Petitioner had previously challenged his conviction via a petition for writ of habeas corpus in this Court, and therefore, the instant petition was successive. (Doc. 14). Respondent also contends that the petition should be dismissed because Petitioner failed to obtain permission from the United States Court of Appeals for the Ninth Circuit to file a successive petition. The Court agrees with Respondent and recommends that the motion to dismiss be granted and the petition dismissed as successive.

DISCUSSION

Respondent contends that Petitioner previously challenged his state court conviction in case no. 1:04-cv-6032-OWW-DLB, and that, therefore, the instant petition was successive and must be dismissed in the absence of permission from the Ninth Circuit to proceed. (Doc. 14, pp. 2-3). The Court agrees.

Under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

> A court of appeals may grant such an order only upon a showing that:
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).

In case number 1:04-6032-OWW-DLB ("04-6032"), filed in this Court on July 29, 2004, Petitioner challenged his August 7, 2002 conviction in the Kings County Superior Court for being a felon in possession of a firearm.[1] (Doc. 17 in 04-6032). On October 6, 2005, the Magistrate Judge issued findings and recommendations recommending that the petition be denied on the merits. (Id.). On November 17, 2005, Petitioner filed objections to the findings and recommendations (Doc. 21 in 04-6032). On February 16, 2006, the Court adopted the findings and recommendations in full, denied the petition, and entered judgment against Petitioner. (Docs. 26 & 27 in 04-6032).

On March 13, 2006, less than a month after his first petition had been denied on the merits, Petitioner filed the instant petition, again challenging his August 7, 2002 conviction, this time on the grounds of ineffective assistance of trial counsel. (Doc. 1, p. 6). On January 18,

---

[1]The Court takes judicial notice of the docket in case number 1:04-6032 OWW-DLB. Fed. R. Evid. 201(b); Valerio v. Boise-Cascade Corp., 80 F.R.D. 626, 635, n.1 (D.C. Cal. 1978)(court may take judicial notice of its own records).

2008, Respondent filed the instant motion to dismiss, contending that the petition in this case is successive to the prior petition, that Petitioner has not obtained permission from the Ninth Circuit to file such a successive petition, and that therefore the petition should be dismissed. (Doc. 14). On February 22, 2008, Petitioner filed his opposition, contending that he could not have filed his allegation of ineffective assistance in his original appeal. (Doc. 18, p. 6). Petitioner offers no explanation for why the ineffective assistance of trial counsel could not have been raised during his direct appeal, nor why it could not have been raised during his first habeas petition in case no. 04-6032.

Contrary to Petitioner's assertions, the issue of ineffective assistance of trial counsel could have been raised <u>either</u> in Petitioner's direct appeal or in his first federal habeas petition. From documents filed both in 04-6032 and in this case, it appears that from August 8, 2003 until April 13, 2005, Petitioner was engaging in a "round" of state habeas proceedings to exhaust the issue of ineffective assistance of trial counsel. Despite the fact that the ineffective assistance claim needed to be fully exhausted in state court, however, Petitioner could nevertheless have notified the Court in case no. 04-6032 of his desire to exhaust that issue, he could have then requested a stay of proceedings to fully exhaust the issue, and thus could have preserved his chance to obtain a decision on the merits vis-a-vis ineffective assistance in his earlier petition. However, he chose not to proceed in that fashion and, instead, has now filed a successive petition.

Although in his opposition to the instant motion, Petitioner attempts to establish that, but for his trial counsel's incompetence, he would not have been found guilty, which would satisfy 28 U.S.C. § 2244(b)(2)(B)(I)(ii), he has not met the requirements of § 2244(b)(2)(B)(I)(i), which requires that a petitioner seeking to file a successive petition show that his claim could not have been discovered earlier in the exercise of due diligence. As mentioned previously, this claim could have been discovered at the time of Petitioner's direct appeal and thus, Petitioner has not established his "due diligence" in attempting to bring this claim to light.

Moreover, it is the court of appeals, and not the district court, who decides whether to grant a petitioner's motion for leave to file a second or successive petition, and whether such a

petition meets the requirements of 28 U.S.C. § 2244(b)(2)(A)-(B). In the absence of an order from the court of appeals authorizing the district court to consider a second or successive petition, any such petition must be dismissed. Greenawalt v. Stewart, 105 F. 3d 1268, 1277 (9th Cir. 1997); Harris v. Felker, 2007 WL 1599990 (E.D. Cal. June 4, 2007), findings and recommendation adopted, 2007 WL 2326055 (E.D. Cal. August 14, 2007)(dismissing petition where petitioner failed to obtain authorization from court of appeal to file second or successive petition). Respondent's motion alleges on information and belief, that Petitioner has not obtained authorization from the Ninth Circuit to file a second or successive petition, and Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file the instant successive petition attacking the conviction.

In sum, Petitioner has presented no evidence that he has obtained permission of the Ninth Circuit to file a successive petition, he has not alleged that he has even attempted to obtain permission for such a petition from the Ninth Circuit, and the present record supports Respondent's assertion that Petitioner has not received permission to proceed with a successive petition. Accordingly, the Court has no alternative but to recommend that Respondent's motion to dismiss be granted.

## RECOMMENDATIONS

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss the petition for writ of habeas corpus as successive (Doc. 14), be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 7, 2008**

**/s/ Theresa A. Goldner**
UNITED STATES MAGISTRATE JUDGE